Bergan, J. (dissenting).
In applying the Miranda rule to the facts of this case we ought to examine closely the legal consequences resulting from the fact the policeman had his gun in hand when he stopped the defendant and his companion for questioning.
Essentially, the “ deprivation of freedom ” was here no more “ significant ”, to apply the critical words of Miranda, because of the circumstance the gun was in sight than it would be had the policeman merely showed his shield and identified himself when he stopped the defendant on the street.
It is a matter of common knowledge that all policemen are armed and the authority of a badge presented by an armed officer who presumably can draw a gun quickly enough is quite as much a momentary deprivation of liberty as an objective demonstration that he has a gun.
But this kind of a momentary restraint by the police for questioning on the street is an indispensable condition for the preservation of public order and it ought not be inhibited by undue judicial interdiction. The policeman in the present case had the gun showing and not in his holster because defendant seemed to meet the description of a robber who had just taken part in the holdup of a store in which the storekeeper was hit on the head with a piece of wood and knocked to the floor.
The gun in hand reflected the danger of the situation to the policeman. It did not alter the basic legal situation of the street inquiry. The defendant was not yet under arrest when the officer stopped him to make the inquiry.
This was no time or place to require the officer to engage in a constitutional and legal dialogue concerning defendant’s right not to answer questions.
The answers of defendant, incriminatory or exculpatory, were an integral part of the spontaneous moving events related to the street inquiry and leading to the arrest.
It ought not to be treated in the way we must treat post-arrest police custodial interrogation. To hold that it amounts to the *124 same thing merely because the policeman’s gun is exhibited goes far beyond the requirements of Miranda and has implications affecting the very base of effective police investigation on the streets.
The judgment should be affirmed.
Judges Burke, Keating and Breitel concur with Chief Judge Fuld; Judge Bergan dissents and votes to affirm in a separate opinion in which Judges Van Voorhis and Scileppi concur.
Judgment reversed, etc.